Filed 8/20/14  P. v. Smith CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MARTEL JAMAR SMITH,<br><br>    Defendant and Appellant. | D064769<br><br><br><br>(Super. Ct. No. SCD246614) |

APPEAL from a judgment of the Superior Court of San Diego County, Melinda J. Lasater, Judge.  Affirmed.

Heather L. Beugen, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

A jury found Martel Jamar Smith guilty of second degree robbery (Pen. Code, § 211).  The court suspended execution of a five-year upper prison term sentence and placed Smith on five years' probation.  Smith appeals.  We affirm.

BACKGROUND

On February 19, 2013, Alex T. was walking to school, carrying his iPhone. A beige or gold Infiniti followed him then stopped and Smith, the driver, asked for directions. After Alex provided directions, Smith circled in the Infiniti, drove past Alex three or four times, then slowly drove up behind Alex and stopped beside him. Smith got out of the Infiniti, ran toward Alex "and asked for all of [Alex's] stuff." Alex said no, turned around and kept walking. Smith grabbed Alex's shoulder and turned him around. Smith lifted his shirt, displaying a black-handled gun at his waistline, took the gun from his pants, pointed the gun between Alex's eyes and told Alex "to give him everything." Alex gave Smith his iPhone and wallet. Smith drove away.

Alex ran down the street and found a man who let Alex use his cell phone. Alex called 911 and provided the Infinity's approximate license plate number. The police soon arrived. Alex, who was familiar with guns from playing video games, described Smith's gun as squarish, black and similar to a Glock.

With the license plate number Alex had provided, the police learned that a gold Infiniti was registered to Smith. On February 28, 2013, police officers executed a search warrant at an address associated with the Infiniti's registration. While the officers were conducting the search, Smith arrived in a gold four-door Infiniti whose license plate number matched the one Alex had provided. The officers searched the Infiniti pursuant to a warrant and found an iPhone. Smith said the phone was his. An officer activated the Facebook application on the phone and Smith's Facebook page appeared. The Facebook page contained over 100 photographs of Smith, including four with a gun. In one of the

2

four photographs, exhibit 13, Smith had an iPhone with a photograph on its screen of Smith taking his own photograph, in front of a mirror, with a semiautomatic firearm in his waistband.

Alex's iPhone was never recovered.

DISCUSSION

Appointed appellate counsel has filed a brief summarizing the facts and proceedings below. Counsel presents no argument for reversal, but asks this court to review the record for error as mandated by *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Pursuant to *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel mentions as possible, but not arguable, issues, whether the court erred by: (1) admitting exhibit 13; (2) failing to find prejudicial jury misconduct; (3) failing to state reasons for choosing the upper term; (4) imposing a probation condition restricting Smith from knowingly associating with members of the West Coast Crips gang; and (5) imposing a $39 theft fine (Pen. Code, § 1202.5, subd. (a)) without finding Smith had the ability to pay.

We granted Smith permission to file a brief on his own behalf. He has not responded. A review of the record pursuant to *Wende* and *Anders*, including the possible issues listed pursuant to *Anders*, has disclosed no reasonably arguable appellate issues. Smith has been competently represented by counsel on this appeal.

3

DISPOSITION

The judgment is affirmed.

                                                                    NARES, J.

WE CONCUR:


McCONNELL, P. J.


IRION, J.